In the Matter of the Claim of ETTA WEINSTEIN, Respondent, against DRAPER CLOTHES, LTD., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a decision of the Workmen's Compensation Board awarding death benefits to the widow of a deceased employee. While the employee was carrying suits on August 10, 1951, he tripped on a ladder and injured his left leg. The employer referred him to a physician, who examined him and who, after seeing him a second time, referred him to employee's physician, who had treated him for years and had operated upon him for varicose veins in both legs. He was found to have a large, contused and swollen area over a nest of varicose veins on the injured leg. The first doctor made a diagnosis of phlebitis due to trauma; the second, a diagnosis of a cellulitis complicated by a secondary phlebitis. On September 14, 1951, and October 4, 1951, the second doctor wrote to the carrier asking for permission to ligate the veins in view of the possibility of ulceration. Such permission was refused. By November the acute condition resulting from the accident had subsided. In that month one of the doctors was called to see employee because of acute abdominal pains. The rigidity of the abdomen precluded a diagnosis, but the pains abated under sedation. On January 23, 1952, decedent's own doctor was called to the home to see him for an abdominal pain. He was taken to the hospital where treatment brought relief, though he developed, in the opinion of the doctor, a localized perinephritic involvement in the kidney area. There was no evidence of leg pains in connection with either the November or December incident. His stay at the hospital was otherwise uneventful until late afternoon, January 27, 1952, when he died suddenly. No autopsy was performed. Both attending doctors were of the opinion that death was the result of a pulmonary embolism due to a thrombophlebitis causally related to the accident of August 10, 1951. There was sharp conflict in the medical testimony as to causal relationship, which is the only matter here in controversy. Carrier's physician and the impartial expert to whom the Workmen's Compensation Board referred the record were of the opinion that there was no causal relationship between the accident and the death of the employee. The board made the factual finding that death was the natural and unavoidable result of the accidental injuries sustained by decedent and the consequences and effects flowing therefrom. There was substantial evidence supporting the board's determination. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ.